IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CECILIA VILLA DE JIMENEZ,**[1]

    Petitioner,

vs.                                  Case No. 4:05cv41-RH/WCS

**M. RIVERA, WARDEN,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION ON § 2241 PETITION

Petitioner, incarcerated in this district, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus challenging her sentence out of the Middle District of Florida, case number 8:00cr72. Doc. 1. Petitioner paid the filing fee.

Petitioner seeks relief under Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and United States v. Booker, __ U.S. __, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). *See also*, Apprendi v. New Jersey, 530 U.S. 466, 120

---

[1] Petitioner's first name is spelled Cecelia in the style of the petition, but it is spelled Cecilia in her signature, and this spelling is confirmed by reference to the Bureau of Prisons Inmate Locater.

S.Ct. 2348, 147 L.Ed.2d 435 (2000), Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).

Under the "savings clause" of 28 U.S.C. § 2255, a petition for writ of habeas corpus filed by a prisoner authorized to seek relief under § 2255 will not be considered, "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255; Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). Petitioner previously filed a § 2255 motion. Doc. 1, p. 2. She asserts that the § 2255 remedy is inadequate or ineffective as the statute of limitations for filing a § 2255 has expired, and the Blakely and Booker cases were decided after the time expired. Doc. 1, p. 3. Apprendi had already been decided by the time of Petitioner's sentencing. *Id.*

A review of the docket in Petitioner's criminal case (8:00cr72, available in PACER) reveals the following. Petitioner entered a plea agreement, and sentencing was scheduled for September 29, 2000. Sentencing was not held until November 28, 2001, as Petitioner absconded. Petitioner was sentenced to 135 months imprisonment and supervised release of 36 months on counts 6 and 7 (the counts to which she pleaded guilty) to be served concurrently. Judgment was entered on the docket on November 30, 2001, and Petitioner did not appeal. A § 2255 motion filed on September 26, 2002, was denied, and a certificate of appealability and leave to appeal in forma pauperis were denied by the district court. The appeal was dismissed for lack of jurisdiction.

Since Petitioner has already been denied relief under § 2255, she cannot file a second or successive § 2255 motion absent authorization from the court of appeals. 28 U.S.C. § 2255 and § 2244.

As explained in Wofford,

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent defense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

177 F.3d at 1244 (footnote omitted). A prisoner may not use § 2241 "simply to escape the restrictions on second or successive § 2255 motions." Id., at 1245; Bridges v. Vasquez, 151 F.Supp.2d 1353, 1360 (N.D. Fla. 2001) (citing Wofford). [2]

Petitioner is not entitled to proceed under the savings clause because Blakely and Booker do not apply retroactively, even in the context of an initial § 2255 motion. Varela v. United States, __ F.3d __, 2005 WL 367095 (11th Cir. February 17, 2005) (finding "essentially dispositive" the opinion in Schriro v. Summerlin, 542 U.S. __, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), that Ring announced a new rule of procedure which did not apply retroactively on collateral review) (other citations omitted); McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001) (Apprendi established a new procedural rule which did not apply retroactively on collateral review). *See also* In re Anderson, 396 F.3d 1336 (11th Cir. 2005) and In re Dean, 375 F.3d 1287 (11th Cir.

---

[2] The court in Bridges, found that the specific language of § 2255, allowing a second or successive motion based on a new rule of constitutional law "trumped" the more general savings clause, and the § 2255 remedy was not inadequate or ineffective for a prisoner who was denied § 2255 relief before Apprendi was decided. Id., at 1362.

2004) (denying leave to file successive § 2255 motions raising <u>Booker</u> and <u>Blakely</u>, respectively, as those cases have not been made retroactive on collateral review by the Supreme Court). Petitioner has not established that the § 2255 remedy is inadequate or ineffective, and she is not entitled to proceed with this petition under the savings clause.

It is therefore respectfully **RECOMMENDED** that the petition for writ of habeas corpus (doc. 1) be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 30, 2005.

          s/   William C. Sherrill, Jr.
          **WILLIAM C. SHERRILL, JR.**
          **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**